[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13584
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00213-WKW-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM PORTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(November 7, 2014)

Before HULL, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, William Porter appeals his 144-month sentence for distribution of more than 28 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Porter's 144-month sentence fell within the advisory guidelines range of 130-162 months' imprisonment and well below his statutory maximum of 40 years' imprisonment. On appeal, Porter argues that the district court erred in classifying him as a career offender under U.S.S.G. § 4B1.1 because his prior Alabama conviction for second-degree escape was not a "crime of violence." In response, the government argues that Porter's appeal is barred by the sentence-appeal waiver in his amended plea agreement. After review, we agree and dismiss Porter's appeal.

## I.  WAIVER IN PLEA AGREEMENT

In his amended plea agreement, Porter agreed to waive "any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence" and "the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding," including a 28 U.S.C. § 2255 proceeding. Porter's appeal waiver provided only limited exceptions to the waiver. Those exceptions were: (1) "the right to appeal or collaterally attack the sentence on the ground of ineffective assistance of counsel or prosecutorial misconduct" and (2) if the government appealed his sentence. Specifically, the appeal-waiver stated:

2

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding , including a Tile 28, United States Code, Section 2255 proceeding. This waiver does not include the right to appeal or collaterally attack the sentence on the ground of ineffective assistance of counsel or prosecutorial misconduct. . . . . [I]f the United States appeals Defendant's sentence pursuant to 18 U.S.C. § 3742(b), Defendant is released from this waiver.

None of the circumstances under which Porter reserved his right to appeal his sentence exists here. Porter's appeal does not raise claims of ineffective assistance of counsel or prosecutorial misconduct, and the government has not appealed the sentence. Therefore, if enforceable, Porter's appeal waiver precludes our review of Porter's claim of a guidelines calculation error.

An appeal waiver is enforceable if it was made knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993). An appeal waiver will be enforced if either "the district court specifically questioned the defendant about the waiver during the plea colloquy" or "the record clearly shows that the defendant otherwise understood the full significance of the waiver." United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005) (quotation marks omitted).

Here, the magistrate judge who conducted Porter's plea colloquy specifically questioned Porter about the appeal waiver and confirmed that Porter understood its

3

terms. Further, Porter does not dispute that he knowingly and voluntarily waived his right to appeal his sentence. Thus, Porter's appeal waiver is valid and enforceable.

## II.  MISCARRIAGE OF JUSTICE

Nonetheless, Porter argues that an otherwise effective sentence-appeal waiver should be unenforceable if it will result in a "miscarriage of justice." Porter contends that the district court's alleged misapplication of the career-offender guideline "was a miscarriage of justice." Porter stresses that without the career-offender increase, his offense level and resulting advisory guidelines range would have been lower.[1]

We review our precedent in this regard and explain why Porter's argument fails. Here is what we have said about appeal waivers.

This Court has strictly enforced appeal waivers. For example, we have concluded that an appeal waiver "includes more than just difficult or debatable legal issues; it includes 'waiver of the right to appeal blatant error.'" United States v. Johnson, 541 F.3d 1064, 1068 (11th Cir. 2008) (quoting Grinard-Henry, 399 F.3d at 1296). We have expressly enforced a sentence-appeal waiver where the defendant claims a misapplication of the Sentencing Guidelines. See United States

---

[1]Without the career offender increase, Porter's total offense level would have been 21. Porter's criminal history category of VI and an offense level of 21 would have yielded an advisory guidelines range of 77 to 96 months' imprisonment.

v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999) (involving a claim that the district court erred in denying a downward departure under U.S.S.G. § 5K2.0).  We have also concluded that "the right to appeal a sentence based on Apprendi/Booker grounds can be waived in a plea agreement" and that "[b]road waiver language covers those grounds of appeal."  Grinard-Henry, 399 F.3d at 1296 (quotation marks omitted).  Indeed, a "'[w]aiver would be nearly meaningless if it included only those appeals that border on the frivolous.'"  United States v. Johnson, 541 F.3d 1064, 1068 (11th Cir. 2008) (quoting Howle, 166 F.3d at 1169).  And, if we were free to strike a defendant's waiver of his right to appeal every time a case presents a legal sentencing issue, "prosecutors would no longer be willing to give very much in exchange for such a waiver, and the ability of defendants to plea bargain would be hampered."  Howle, 166 F.3d at 1169.

Although this Court has strictly enforced valid appeal waivers, we have never said that an appeal waiver is always an absolute bar.  See id. at 1169 n. 5 (stating, in dicta, that "[i]n extreme circumstances—for instance, if the district court had sentenced Howle to a public flogging—due process may require that an appeal be heard despite a previous waiver").  We need not resolve the question of whether a miscarriage of justice exception should exist to a valid appeal waiver, however, because, even assuming arguendo that such an exception exists, the guidelines calculation issue Porter raises would not fall within it.

5

In conclusion, because Porter knowingly and voluntarily entered into his sentence-appeal waiver, and that sentence-appeal waiver bars his career-offender claim, we must dismiss his appeal of his sentence.[2]

**AFFIRMED.**

---

[2]In his appeal, Porter makes no claims as to his conviction.