[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10227
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cr-00113-ECM-SRW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SADE NICKOLE LEWIS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 17, 2019)

Before WILSON, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Sade Lewis appeals the district court's sentence of 36-months imprisonment.  After careful consideration, we dismiss her appeal because she knowingly and voluntarily waived her right to appeal her sentence.

Lewis pleaded guilty in 2018 to one count of aiding and assisting in the filing of a false federal income tax return, in violation of 26 U.S.C. § 7206(2).  As part of her plea agreement, she agreed to "waive[] any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence," except for claims of ineffective assistance of counsel or prosecutorial misconduct.

Lewis does not challenge the validity of her waiver.  And our review of the record confirms she knowingly and voluntarily waived her right to appeal.  Lewis nonetheless argues her sentence should be vacated for substantive unreasonableness.  We agree with the government that Lewis's appeal must be dismissed pursuant to the appeal waiver.  "[A]s long as an appeal waiver is voluntarily and knowingly entered into as part of a valid plea agreement, and that agreement is accepted by the court, the waiver is enforceable."  United States v. Bascomb, 451 F.3d 1292, 1297 (11th Cir. 2006).  Because Lewis's appeal does not raise ineffective assistance of counsel or prosecutorial misconduct claims,[1] we will enforce her appeal waiver and dismiss her appeal.

---

[1] Lewis argues we should decline to enforce the appeal waiver because declining to hear her substantive reasonableness challenge would "work a miscarriage of justice."  We disagree. Lewis has fallen far short of showing errors amounting to a miscarriage of justice.  See, e.g.,

2

**APPEAL DISMISSED.**

---

United States v. Jett, 724 F. App'x 921, 922 (11th Cir. 2018) (per curiam) (unpublished) (noting "an appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error" and such claims of error only rise to the level of a miscarriage of justice in "extreme circumstances" (alteration adopted and quotation marks omitted)); United States v. Porter, 591 F. App'x 724, 726 (11th Cir. 2014) (per curiam) (unpublished) (same).